UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Fleetwood Humdy Jr., <br> Petitioner, <br><br> D. Euenion, Warden, <br> Respondent. | NO. CV 18-08148-AB (AGR) <br><br><br> ORDER TO SHOW CAUSE |

Petitioner, a state inmate, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") under 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The court therefore orders Petitioner to show cause on or before November 12, 2018, why the court should not recommend dismissal of the Petition with prejudice as barred by the statute of limitations.

# I.
# **PROCEDURAL BACKGROUND**

On June 28, 1995, a Los Angeles County Superior Court jury found Petitioner guilty of first degree murder and second degree robbery and grand theft auto. (Dkt. No. 5 at 2.) On August 4, 1995, Petitioner was sentenced to life without parole. (*Id.*)

The California Court of Appeal affirmed the judgment on December 19, 1996. (Case No. B097322.) On April 2, 1997, the California Supreme Court summarily denied the petition for review. (*People v. Humdy*, No. S058664, 1997 Cal. LEXIS 1869 (Apr. 2, 1997).)

On April 10, 2017, Petitioner filed a state Habeas Corpus Petition with the California Court of Appeal, which summarily denied the petition by order on April 24, 2017. (*In re Humby,* Case No. B281798.)[1]

Petitioner filed another Petition for Writ of Habeas Corpus with the Los Angeles County Superior Court, which issued an order summarily denying the petition on September 19, 2017. (Dkt. No. 5, Exh. B.)

On December 7, 2017, Petitioner filed a Habeas Corpus Petition with the California Court of Appeal, which issued an order summarily denying the petition on December 19, 2017.[2] (*In re Humdy*, Case No. B286750.) On April 18, 2018, the Supreme Court of California denied the Petition for Writ of Habeas Corpus. (*In re Humdy*, No. S246906, 2018 Cal. LEXIS 3090 (Apr. 18, 2018).)

---

[1] Available on Appellate Courts Case Information at: http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=2&doc_id=2188996&doc_no=B281798&request_token=NiIwLSIkXkg%2FWzBZSCFNWEpJQEA6USxTKyJOWzNRMCAgCg%3D%3D.

[2] Available on Appellate Courts Case Information at: http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=2&doc_id=2238421&div=2&doc_no=B286750&request_token=NiIwLSIkXkg%2FWzBZSCI9SE1IUFw6USxTKyM%2BWz9TMCAgCg%3D%3D.

## II.

## STATUTE OF LIMITATIONS

The instant Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on April 24, 1996. Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a Petition for Writ of Habeas Corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The court must analyze the statute of limitations on a claim-by-claim basis. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417-18, 125 S.Ct. 1807, 161 L.Ed. 2d 669 (2005). For the reasons discussed below, Petitioner has not met his burden with respect to the tolling issue.

**A.     The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

Petitioner's conviction became final on July 2, 1997, 90 days after the California Supreme Court denied review on April 4, 1997. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Absent tolling, the statute of limitations would have expired one year later on July 2, 1998.

**1.     Statutory Tolling**

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner did not file any state habeas petitions before the federal statute of limitations expired. Moreover, a state petition filed after the expiration of the federal limitations period

does not restart the statute of limitations.  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida*, 560 U.S. 631, 634 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"  *Id.* at 653 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  There is no indication in the record that Petitioner is entitled to equitable tolling.

### B. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may also start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim.  28 U.S.C. § 2244(d)(1)(D).  The time starts to run when the petitioner knows or through diligence could discover the factual predicate, not when the petitioner realizes their legal significance.  *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).  Petitioner does not allege, and there is no indication in the record that, the factual predicate of the claim presented could not have been discovered earlier through the exercise of due diligence before his conviction became final.

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that on or before November 12, 2018, Petitioner shall show cause why the court should not recommend dismissal of the Petition with prejudice as barred by the statute of limitations.

If Petitioner fails to respond to this Order to Show Cause by November 12,

2018, the court will recommend that the Petition be dismissed based on expiration of the one-year statute of limitations.

DATED: October 12, 2018

_____
ALICIA G. ROSENBERG
United States Magistrate Judge